UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

KHALID EL HARIZI

        Plaintiff,                  CASE NO.: 06cv2204 (RJL)

v.

CLAUDIA PARDINAS-OCANA

        Defendant.

_____/

**EMERGENCY MOTION FOR ALTERNATIVE SERVICE
WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Khalid El Harizi ("Mr. Harizi"), by and through his undersigned attorneys, hereby moves for an Order of the Court authorizing service of process by alternate means, and as reasons therefore, as more fully set forth below in this Motion and the Memorandum of Law which is incorporated herein, states as follows:

**I.    Relevant Facts.**

1. On or about December 22, 2006, Mr. El Harizi filed suit in the United States District Court for the District of Columbia against Defendant Claudia Pardinas-Ocana ("Ms. Pardinas-Ocana") and requested the immediate issuance of a show cause order. This civil action was brought by Mr. El Harizi as a result of the abduction and wrongful removal of Mr. El Harizi's one-year-old daughter from Italy.

2. A summons was issued by the Clerk of Court on January 12, 2007. (a copy of the summons is attached hereto as **Exhibit A**.)

3. On January 18, 2007, Mr. Frank Bevacqua ("Mr. Bevaqua"), a process server with Bond's Sure Serve, attempted lawful service of Ms. Pardinas-Ocana at her place of employment. Despite reasonable efforts, Plaintiff does not know Ms. Pardinas-Ocana's home address. Upon

arriving at Defendant's place of employment, a representative of Defendant's employer informed Mr. Bevaqua that he would have to contact Defendant and ask her to meet him in the downstairs lobby in order to serve the Complaint. *See* Affidavit of Non-service, attached hereto as **Exhibit B**.

4. Mr. Bevaqua made contact with Ms. Pardinas-Ocana via telephone. Ms. Pardinas-Ocana inquired as to the nature of the papers to be served. Mr. Bevaqua described the nature of the papers to be served. Upon learning this information, Ms. Pardinas-Ocana made the following statements:

- "you don't have my home address and you will never find me."
- "you will never be able to serve me."
- There is "not a shot in hell you're serving me those papers."

*See id.* Thus, it is clear that Defendant is evading service and will continue to do so. If Ms. Pardinas-Ocana had nothing to hide, she would have simply met the process server and accepted service of the papers. Instead, Plaintiff is forced to seek the emergency assistance of this Honorable Court.

5. Ms. Pardinas-Ocana is employed by the World Bank in Washington, D.C. Ms. Pardinas-Ocana stated to Mr. El Harizi that she requested a transfer to the Buenos Aires, Argentina office of the World Bank. *See* Affidavit of Khalid El Harizi, attached hereto as **Exhibit C**. Based upon this expressed desire, the statements made by Ms. Pardinas-Ocana to Mr. Bevaqua and the fact that she is on notice as to the nature of this lawsuit, Mr. El Harizi is very concerned that she will press to be transferred on an expedited basis and flee the jurisdiction in order to avoid service thereby further abducting the minor child. *See id.*

6. Due to the emergency nature of this matter, in that it involves the abduction and wrongful removal of Mr. El Harizi's one-year-old daughter from Italy, it is inherent to the success

of the continued abduction that the Defendant in this matter evades service. Therefore, it is most probable that any continued attempts at personal service will fail.

7. Despite the nature of this matter, Plaintiff has made a good faith effort to personally serve the Defendant in this matter. (*See* Ex. B.)

## II. Applicable Law.

8. The International Child Abduction Remedies Act[1] provides as follows:

> **Sec. 11604. Provisional remedies**
>
> (a) Authority of courts
> In furtherance of the objectives of article 7(b) and other provisions of the Convention, and subject to the provisions of subsection (b) of this section, any court exercising jurisdiction of an action brought under section 11603(b) of this title may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved *or to prevent the child's further removal or concealment before the final disposition of the petition.*

42 U.S.C. 11604 (2006) (emphasis added).

9. Rule 4(e) of the Federal Rules of Civil Procedure, provides that service shall be made "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4. The District of Columbia has adopted the Uniform Child Custody Jurisdiction and Enforcement Act, D.C. Code §§ 16-4601.01 *et seq.*, which provides for "notice and an opportunity to be heard" to be given "in accordance with the standards of section 16-4601.07." D.C. Code § 16-4602.05. In turn, section 16-4601.07 states, "Notice must be given in a manner reasonably calculated to give actual notice, but may be by publication if other means are not effective." D.C. Code § 16-4602.07.

10. The aspirational goal of The Convention on the Civil Aspects of International Child

---

[1] 42 U.S.C. 11601 *et seq.* (2006). ICARA was created to deal with the sudden abduction of children and to allow a petitioner to assert his or her rights in exigent circumstances. *See Distler v. Distler*, 26 F. Supp. 2d 723, 727 (D.N.J. 1998).

Abduction, done at the Hague on October 25, 1980[2] (the "Convention") is for litigation brought under the Convention to be resolved within six weeks. Thus, in light of the timing of such an action and the summary nature of the proceedings, service by publication is not a reasonable means for serving Defendant.

10. Pursuant to this Court's power to take appropriate measures to protect the well-being of Plaintiff's child and prevent her further removal and concealment, Plaintiff respectfully seeks leave of the Court to employ an alternative means of service. Specifically, Plaintiff proposes to serve Defendant at her place of work via: 1) Federal Express overnight mail to her work address: Europe and Central Asia Practice Group; Room MC5-433; Legal Department; The World Bank; 1818 H Street N.W. Washington D.C.; 2) e-mail[3] to her work e-mail address: cpardinasocana@worldbank.org; and 3) first class mail to her said work address.

WHEREFORE, for the foregoing reasons, Plaintiff, Khalid El Harizi requests that this Court enter an Order:

    A. Granting the instant Motion on an emergency basis;

    B. Permitting service of the Summons, Complaint and related papers upon Defendant via 1) Federal Express overnight mail to her work address: Europe and Central Asia Practice Group; Room MC5-433; Legal Department; The World Bank; 1818 H Street N.W. Washington D.C.; 2) e-mail to cpardinasocana@worldbank.org; and 3) first class mail to her said work address; and

---

[2] T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10,493 (1986).
[3] Based upon e-mail correspondence between Plaintiff and Defendant, undersigned counsel has obtained Defendant's current e-mail address, which is cpardinasocana@worldbank.org.

C. Granting such other and further relief that the Court may deem necessary and just.

Respectfully Submitted,

_____/s/_____
Stephen J. Cullen, Esquire
Bar No: 439872
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland 21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com

*Attorneys for Plaintiff*

_____/s/_____
Rachel T. McGuckian, Esquire
Bar No.: 475548
Miles & Stockbridge P.C.
11 North Washington Street, Suite 700
Rockville, Maryland 20850
(301) 762-1600
(301) 762-0363 (fax)
rmcguckian@milesstockbridge.com

*Attorneys for Plaintiff*

# EXHIBIT

# A

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

KHALID EL HARIZI
Via del Serafico 107
00142 Rome, Italy

**SUMMONS IN A CIVIL CASE**

V.

CLAUDIA PARDINAS-OCANA
The World Bank
1818 H Street, N.W.
Washington, D.C.

CASE NUMBER:   06cv2204 (RJL)

TO: (Name and address of Defendant)

CLAUDIA PARDINAS-OCANA
The World Bank
1818 H Street, N.W.
Washington, D.C.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Stephen J. Cullen, Esq.
Miles & Stockbridge P.C.
One W. Pennsylvania Ave.
Suite 900
Towson, Maryland 21204

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON          JAN 12, 2007
CLERK                            DATE

_(signature)_
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |
| *Check one box below to indicate appropriate method of service* | |

    G  Served personally upon the defendant. Place where served: _____

    G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

        Name of person with whom the summons and complaint were left: _____

    G  Returned unexecuted: _____

    G  Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                           Date                   *Signature of Server*

                                                _____
                                                *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT

# B

UNITED STATES DISTRICT COURT
**DISTRICT OF DISTRICT OF COLUMBIA**

KHALID EL HARIZI

        Plaintiff,               CASE NO.: 06cv2204 (RJL)

v.

CLAUDIA PARDINAS-OCANA

        Defendant.
_____/

**AFFIDAVIT OF NON-SERVICE**

I, Frank Bevacqua, being duly sworn, depose and say as follows:

1. I am over the age of eighteen, I am competent to testify and I have personal knowledge of the facts set forth in this Affidavit.

2. I am a process server employed by Bond's Sure Serve, P.O. Box 1196 Cockeysville, Maryland 21030.

3. On January 18, 2007, at approximately 3:00 p.m., I attempted to serve the Summons and pleadings for the above-captioned matter upon Defendant Pardinas-Ocana at her place of employment.

4. Upon arriving at Defendant's place of employment, a representative of Defendant's employer informed me that I would have to contact Defendant and ask her to meet me in the downstairs lobby in order to serve her. In fact, I was told that the Defendant and I would have to leave the premises in order to serve the papers.

5. I ultimately made contact with Ms. Pardinas-Ocana via telephone at approximately 4:30 p.m. Ms. Pardinas-Ocana inquired as to the nature of the papers to be served. I described the nature of the papers to be served.

6.  Once I described the papers that I was attempting to serve, Ms. Pardinas-Ocana made the following statements:

- "you don't have my home address and you will never find me."
- "you will never be able to serve me."
- There is "not a shot in hell you're serving me those papers"

7.  Ms. Pardinas-Ocana refused to accept service of the papers and stated that I cannot serve her at her place of employment because she is immune from service of process while on the premises of the World Bank.

**I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE THAT THE CONTENTS OF THE FOREGOING PAPER ARE TRUE.**

01-22-07
Date

Frank Bevacqua

2

# EXHIBIT

# C

UNITED STATES DISTRICT COURT
DISTRICT OF DISTRICT OF COLUMBIA

KHALID EL HARIZI

        Plaintiff,                             CASE NO.: 06cv2204 (RJL)

v.

CLAUDIA PARDINAS-OCANA

        Defendant.
_____/

## AFFIDAVIT

I, Khalid El Harizi, being duly sworn, depose and say as follows:

    1.    I am over the age of eighteen, I am competent to testify and I have personal knowledge of the facts set forth in this Affidavit.

    2.    Ms. Pardinas-Ocana is employed by the World Bank in Washington, D.C.

    3.    Ms. Pardinas-Ocana has stated to me previously that she requested a transfer to the Buenos Aires, Argentina office of the World Bank.

    4.    In light of the fact that my process server has placed Ms. Pardinas-Ocana on notice as to the nature of this lawsuit, and the statements she made to him, I am gravely concerned that she will press to be transferred on an expedited basis and flee the jurisdiction in order to avoid service.

## VERIFICATION

I, Khalid El Harizi, solemnly declare and affirm under the penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 22 January 2007
                Date                        Khalid El Harizi

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

KHALID EL HARIZI

        Plaintiff,                  CASE NO.: 06cv2204 (RJL)

v.

CLAUDIA PARDINAS-OCANA

        Defendant.

_____/

**ORDER**

Upon consideration of Plaintiff's Motion for Alternative Service, it is this ____ day of January, 2007

**ORDERED** that the Motion be, and hereby is, **GRANTED**; and it is

**FURTHER ORDERED** that as an alternative means of service, Plaintiff shall serve Defendant the Summons, Complaint and related papers in the above-captioned matter in the following manner: via 1) Federal Express overnight mail to her work address: Europe and Central Asia Practice Group; Room MC5-433; Legal Department; The World Bank; 1818 H Street N.W. Washington D.C.; 2) e-mail to cpardinasocana@worldbank.org; and 3) first class mail to her said work address; and it is

**FURTHER ORDERED** that upon completion of service as set forth above, Defendant shall be deemed effectively served and subject to this Court's personal jurisdiction.

                                                  _____
                                                  Judge, United States District Court
                                                  District of Columbia