**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

KHALID EL HARIZI

        Plaintiff,                  CASE NO.: 06cv2204 (RJL)

v.

CLAUDIA PARDINAS-OCANA

        Defendant.

_____/

**MOTION TO EXPEDITE PROCEEDINGS**

Plaintiff, Khalid El Harizi ("Mr. Harizi"), by and through his undersigned attorneys, hereby moves to expedite the proceedings in the above-captioned matter in accordance with the goal of the 1980 Hague Abduction Convention, and seeks an order placing the instant case on an expedited docket for summary disposition and issuance of the previously submitted proposed show cause order.  In support of this Motion, Plaintiff states as follows:

In international parental abduction cases, the judicial authorities of the United States of America are charged with the goal of reaching a decision within six weeks of the commencement of the proceedings.  *See* The Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980[1] (hereinafter the "Hague Convention" or "Convention"), art. 11.  Indeed, the importance of the time factor throughout the Convention suggests the use of the most speedy procedures available and the granting of priority treatment.  Convention Explanatory Report by Elisa Perez-Vera ¶ 104, at pp. 457-58 in *Actes et Documents de la Quatorzieme Session (1980), Volume III, Child Abduction*, edited by the Permanent Bureau of the Hague Conference on Private International Law, The Hague, Netherlands.

The Hague Convention states, in pertinent part, as follows:

---

[1] T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10,493 (1986).

> Contracting States shall take all appropriate measures to secure within their territories the implementation of the objects of the Convention. *For this purpose they shall use the most expeditious procedures available*.
>
> *       *       *
>
> The judicial or administrative authorities of Contracting States *shall act expeditiously* in proceedings for the return of children.
>
> If the judicial or administrative authority has not reached a decision *within six weeks* from the date of commencement of the proceedings, the applicant or the Central Authority of the requested State, on its own initiative or if asked by the Central Authority of the requesting State, shall have the right to request a statement of the reasons for the delay. . . .

Convention, arts. 2 and 11 (emphasis added). In addition, 28 U.S.C. 1657 (2001) states, in pertinent part, as follows:

> [T]he court shall expedite the consideration of any action … if good cause therefor is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States or a Federal Statute … would be maintained in a factual context that indicates that a request for expedited consideration has merit.

Just such a factual context exists in Mr. El Harizi's Hague Convention case. The Hague Convention is such a treaty under Article VI of the United States Constitution and such cases are governed by 42 U.S.C. 11601 *et seq.* (2001).

As the Honorable Peter J. Messette of the United States District Court for the District of Maryland has observed:

> Unquestionably at the heart of the Convention is prompt action by courts. Convention art. 11; *see also Walton v. Walton*, 925 F. Supp. 453 (S.D. Miss. 1996) (court ruled on merits of petition thirty days after petition was filed); *Navarro v. Bullock*, 15 Fam. L. Rep. (BNA) 1576 (Cal. Super. Ct. Sept. 1, 1989) (court ruled on merits of petition eight days after petition was filed). This comports with the obvious desideratum that any dispute involving custody of a child be decided quickly so as to minimize the anxiety and unsettlement of the child and to avoid assimilation of the child

> into strange environs which could lead to subsequent difficulties in separation.
>
> The rules of procedure applicable to ordinary civil cases would seem to be at odds with the Convention and ICARA's premium on expedited decision-making. Twenty days to answer a petition, Fed. R. Civ. P. 12(a)(1)(A), utilization of various discovery devices, Fed. R. Civ. P. 33 (interrogatories); Fed. R. Civ. P. 31 (depositions), and extended trial time work at cross-purposes to the objective of prompt disposition.

*Zajaczkowski v. Zajaczkowska*, 932 F. Supp. 128, 130 (D. Md. 1996), *aff'd* by 1997 U.S. App. LEXIS 10154 (4th Cir. 1997)(citations omitted). The court went on to

> order Respondent to appear before the Court on August 8, 1996, at 10:00 a.m. and show cause why a writ of habeas corpus should not issue and why Jan should not be returned to Poland. Respondent will be ordered to "produce at the hearing the body of the person detained," 28 U.S.C.A. 2243. The Court will hear evidence and argument in summary fashion and decide the case at the hearing, unless, for good cause shown, it finds reason for delay.
>
> The U.S. Marshal will be directed to promptly serve a copy of the Petition, this Opinion and the accompanying Order on Respondent at her work address as provided by Petitioner.

*Id.* at 132.

In *Holder v. Holder*, 392 F.3d 1009 (9th Cir. 2004) the Ninth Circuit recognized the urgency of Hague cases and the need to give them priority:

> The Convention imposes a double duty of "the use of the most speedy procedures known to [a State's] legal system" and "that applications are, so far as possible, to be granted priority treatment." Pérez-Vera Report, supra, ¶ 104. While we underscore the importance of district courts adjudicating Convention petitions expeditiously, we empathize with the difficulty in reaching speedy, yet thorough, decisions in the face of severely strained judicial resources. For now, we urge courts to give docket priority to Convention petitions and to seek means of expediting the petitions to the extent possible and practicable. These cases are always heart-wrenching, and there is inevitably one party who is crushed by the outcome. We cannot alleviate the parties' emotional trauma, but at a minimum we can hope to provide them and their children with a prompt resolution so that they can escape legal limbo.

*Id.* at 1023.

The Sixth Circuit observed as follows in its review of a Hague case:

> this case involves a petition under a unique treaty and its implementing legislation, neither of which expressly requires a hearing or discovery. In fact, the treaty requires not only expeditious action by courts under article 11, as the district court properly noted, but use of "the most expeditious procedures available." Hague Convention, art. 2. Indeed, the drafters of the treaty stressed the emergency nature of these cases: "Its nature is one of emergency because it seeks a speedy and immediate solution to the cases involved." Elisa Pérez Vera, Report of the Special Commission, in 3 Actes et documents de la Quatorzieme Session 172, 179 ¶ 25 (Permanent Bureau of the Hague Conference on Private International Law ed. and trans. 1980) (official English translation).

*March v. Levine*, 249 F.3d 462, 474 (6th Cir. 2001).

The Eleventh Circuit, in rejecting an abstention request, noted that the federal court was equipped to expedite a Hague case as contemplated by the treaty and its implementing legislation:

> The district court, on the other hand, was prepared to, and did, expedite the ICARA petition as required by ICARA. The ICARA petition was filed in the district court on December 3. The district court conducted two full days of evidentiary hearings on December 12 and 19 and heard closing arguments on December 22, after which the district court immediately dictated comprehensive findings of fact and conclusions of law, covering sixty-four pages of transcript in the record, and entered final judgment. This is what ICARA contemplates.

*Lops v. Lops*, 140 F.3d 927, 943-44 (11th Cir. 1998).

In sum, the nature of the instant case, as well as the treaty and implementing legislation that form the basis of Mr. El Harizi's claim, call for a speedy resolution of this matter and the placing of this case on an accelerated schedule. Plaintiff filed the Complaint in the instant case on December 25, 2006, more than five weeks ago.

WHEREFORE, for the foregoing reasons, Plaintiff, Khalid El Harizi requests that this Court enter an Order:

    A.    Granting the instant Motion on an emergency basis;

B.     Placing the instant case on an expedited docket for summary disposition;

C.     Issuing the previously submitted proposed show cause order and commanding Ms. Pardinas-Ocana to appear in this Court to show cause why the minor child has been kept from her father and why she has acted in violation of Italian law; and

D.     Granting such other and further relief that the Court may deem necessary and just in conformance with the mandates of the treaty.

Respectfully Submitted,

/s/
Stephen J. Cullen, Esquire
Bar No: 439872
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland  21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com

*Attorneys for Plaintiff*

/s/
Rachel T. McGuckian, Esquire
Bar No.: 475548
Miles & Stockbridge P.C.
11 North Washington Street, Suite 700
Rockville, Maryland 20850
(301) 762-1600
(301) 762-0363 (fax)
rmcguckian@milesstockbridge.com

*Attorneys for Plaintiff*

- 6 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of February, 2007, a copy of the foregoing **MOTION TO EXPEDITE PROCEEDINGS** was mailed, first-class, postage prepaid to:

>Claudia Pardinas-Ocana, Senior Counsel
>Europe and Central Asia Practice Group
>The World Bank
>Room MC5-433
>1818 H Street N.W.
>Washington D.C. 20433

                               /s/
                        Stephen J. Cullen