UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

KHALID EL HARIZI

        Plaintiff,              CASE NO.: 06cv2204 (RJL)

v.

CLAUDIA PARDINAS-OCANA

        Defendant.
_____/

**MEMORANDUM IN SUPPORT OF EMERGENCY
MOTION FOR LEAVE TO AMEND COMPLAINT AND
MOTION TO TRANSFER VENUE**

Plaintiff, Khalid El Harizi, through his attorneys, and pursuant to 28 U.S.C. § 1404, 42 U.S.C. § 11604, and Article Seven (7) of The Convention on the Civil Aspects of International Child Abduction (hereinafter the "Convention"),[1] submits this Memorandum in Support of his Emergency Motion For Leave to Amend Complaint and Motion to Transfer.[2]

### I.    INTRODUCTION

On December 22, 2006, Plaintiff filed with this Court his Emergency Complaint for Issuance of Show Cause Order and Return of Child to Italy pursuant to the Convention and the International Child Abduction Remedies Act[3] (hereinafter "ICARA"). Upon information gleaned from electronic mail received from Defendant, Plaintiff believed the parties' minor child was located in the greater Washington, D.C. area. However, Defendant gave no further

---

[1] T.I.A.S. No. 11,670, at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10493 (1986).
[2] Given the urgency of this matter and in the interests of justice and the safety of the child, Plaintiff is requesting that this Court waive the standard requisite time in which Defendant has to respond to his Motion.
[3] 42 U.S.C. 11601 *et seq.* (1995).

information regarding the minor child's whereabouts. Indeed, Defendant concealed her whereabouts beyond her work address and evaded service, necessitating the filing of a Motion for Alternative Service which was granted by this Court.

Defendant, in her Motion to Dismiss, has revealed that she is living with the minor child in Maryland, not the District of Columbia. Plaintiff therefore seeks leave to amend his Complaint to reflect the current location of Defendant and the minor child and seeks to have this matter transferred to the United States District Court for the District of Maryland.

## II.     ARGUMENT

### A.     Plaintiff Should Be Granted Leave to Amend His Original Complaint Given the Newly Discovered Evidence Regarding the Location of both the Defendant and the Child.

Following the recent discovery of the location of Defendant and the minor child in the State of Maryland, Plaintiff should be granted leave to amend his original Complaint. Given the history of the removal of the child without the consent of the Plaintiff, and the appearance now of the Defendant in Maryland, the interests of justice and the well-being of the child require that the Plaintiff be granted leave to amend his original Complaint to expedite return of the child to Italy.

### B.     The Interests of Justice, Convenience and the Safety of the Child Dictate that the Plaintiff's Motion to Transfer This Case Should Be Granted.

In the interests of justice and convenience, the well-being of the parties' minor child, and in order to address the removal of the child from Italy without the consent of the Plaintiff, this Court should grant Plaintiff's Motion to Transfer this matter to the United States District

Court for the District of Maryland. Three governing bodies of law provide guidance for this Court in making this determination.

### 1.     28 U.S.C. § 1404

First, if a case is filed in a judicial district that does not satisfy the requirements of 28 U.S.C. § 1391, then a district court is empowered under 28 U.S.C. § 1406(a) to either dismiss or transfer the case to a district where it could have been brought in accord with § 1391. Under 28 U.S.C. 1404(a), a court may "for the convenience of the parties and witnesses, in the interest of justice" transfer the case "to any other district or division where it might have been brought." In a § 1404(a) transfer, the burden is on the moving party to show that transfer is warranted. *DeLoach v. Philip Morris Cos., Inc.*, 132 F.Supp.2d 22, 24 (D.D.C.2000). The threshold question in a § 1404(a) determination is whether venue would be proper in the transferee district. When deciding a transfer motion under § 1404(a), a court considers and balances case-specific factors, including the private interests of the parties and witnesses and the related public interests. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F.Supp. 13, 16 (D.D.C.1996).

Accordingly, the moving party must make two showings to justify transfer. First, the movant must establish that the plaintiff originally could have brought the action in the proposed transferee district. *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805. Second, the movant must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that court. *Trout Unlimited*, 944 F.Supp. at 16. As to the second showing, the statute calls on the court to weigh a number of case-specific private and public interest factors. *Stewart Org.*, 487 U.S. at 29, 108 S.Ct. 2239. The private interest

considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F.Supp. at 16 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d. Cir.1995); *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F.Supp. 1125, 1129 (N.D.Ill.1989); 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. § 3848 at 385 (2d ed.1986)). The public interest considerations include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id.*

The balance of convenience and the interest of justice are strongly in Plaintiff's favor. Defendant and the minor child reside in Maryland. Therefore, Defendant cannot claim to be inconvenienced by the case's pendency in that jurisdiction. It is clear from Defendant's assertions in her Motion to Dismiss that Plaintiff could have brought this action in the proposed transferee court. Finally, the relevant information and documents detailing the entry of the parties' minor child and Defendant into the United States will be equally available to and subject to a subpoena by the Maryland District Court. Consequently, access to these "sources of proof" is easily obtainable as required by the case law interpreting Section 1404.[4] Because all of the determinative factors of Section 1404 are strongly in favor of Plaintiff, this case should be transferred to the United States District Court for the District of Maryland.

---

[4] With respect to the issue of "docket congestion," the Convention itself requires the Maryland court to address the matter in a very short time period. Convention, art. 11

4

### 2. The Convention on the Civil Aspects of International Child Abduction, Article 7.

Notwithstanding this Court's unfettered discretion pursuant to 28 U.S.C. § 1404, Article 7 of the Convention states that each State's competent authorities shall take all appropriate measures to "prevent further harm to the child" and "to initiate or facilitate the institution of judicial or administrative proceedings with a view to obtaining the return of the child." Convention, art. 7. Transferal of this case to the appropriate Maryland jurisdiction is necessary for the well-being of the child and to address the issue of the removal from Italy. In light of the mandate of Article 7 of the Convention and the recent information documenting the presence of both Defendant and the minor child in Maryland, it is appropriate for this Court to transfer this case to the District of Maryland to facilitate the expeditious return of the child to Plaintiff in Italy. Given Ms. Pardinas-Ocana's obvious propensity toward flight with the child, and her evasion of service, the immediate transfer of this case will satisfy the interests of justice and the purpose of the Convention.

### 3. 42 U.S.C. § 11604

Third, 42 U.S.C. § 11604 complements Article 7 by providing that:

> Any court exercising jurisdiction of an action brought under section 11603(b) of this title may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition.

42 U.S.C. § 11604(a) (1995). As a court exercising jurisdiction in a matter that was brought pursuant to Section 11603(b), this Court is entitled to take any measures that it considers appropriate to protect the minor child's well-being and facilitate the disposition of the Plaintiff's Convention Complaint. Defendant's removal of the minor child from Plaintiff in

Italy requires that this Court transfer the case to the United States District Court for the District of Maryland to protect the interests of Plaintiff as well as those of the minor child.

### C. The Urgent Nature of Plaintiff's Motion Necessitates An Expedited Ruling On The Instant Motion

The aforementioned interests in the minor child's well-being and the possibility of any further removal by Defendant necessitates that this Court rule on Plaintiff's Emergency Motion immediately.[5]  In short, permitting the Defendant the period of time allowed by the Federal Rules of Civil Procedure[6] to respond to Plaintiff's Motion will jeopardize not only the well-being of the parties' minor child, but also her prompt return to Italy where the courts there may appropriately determine all issues of custody.  Consequently, in light of the statutory provisions empowering this Court to act in a manner designed to facilitate the immediate return of the child to Italy, this Court should grant Plaintiff's Emergency Motion.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff, Khalid El Harizi, respectfully requests that this Court grant his Emergency Motion For Leave To Amend Complaint and Motion to Transfer and pursuant to 28 U.S.C. § 1404, Article 7 of the Convention and § 42 U.S.C. 11604, bar the removal of the parties' minor child from Maryland and the District of Columbia pending a ruling by the Maryland Court, and transfer this matter to the United

---

[5] Article 1 of the Convention states that the Convention's objects are "to secure the prompt return of children wrongful removed to or retained in any Contracting State."  Convention, art. 1(a).  Article 11 of the Convention states that "[t]he judicial or administrative authorities of Contracting States shall act expeditiously in proceedings for the return of children." Convention, art. 11.

[6] *Zajaczkowski v. Zajaczkowska*, 932 F.Supp. 128, 132 (D.Md. 1996) ("[T]he Court will treat the [Convention] petition as an application for a writ of habeas corpus…pursuant to 28 U.S.C.A. § 2243").

States District Court for the District of Maryland.

                Respectfully Submitted,

                _____/s/_____
                Stephen J. Cullen, Esquire
                Bar No: 439872
                Miles & Stockbridge P.C.
                One West Pennsylvania Avenue
                Suite 900
                Towson, Maryland  21204
                (410) 821-6565
                (410) 385-3709 (fax)
                scullen@milesstockbridge.com

                *Attorneys for Plaintiff*


                _____/s/_____
                Rachel T. McGuckian, Esquire
                Bar No.: 475548
                Miles & Stockbridge P.C.
                11 North Washington Street, Suite 700
                Rockville, Maryland 20850
                (301) 762-1600
                (301) 762-0363 (fax)
                rmcguckian@milesstockbridge.com

                *Attorneys for Plaintiff*