UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

KHALID EL HARIZI

              Plaintiff,                     CASE NO.: 06cv2204 (RJL)

v.

CLAUDIA PARDINAS-OCANA

              Defendant.

_____/

**OPPOSITION TO MOTION TO DISMISS**

      Plaintiff, Khalid El Harizi, by and through his undersigned attorneys, hereby files this Opposition to Defendant's Motion to Dismiss.  In support of this Opposition, Plaintiff states as follows:

**I.      INTRODUCTION.**

      Currently pending before this Court, in addition to Defendant's Motion to Dismiss, is Plaintiff's Motion to Transfer Venue.  As Defendant acknowledges in her Memorandum in Support of Motion to Dismiss, Plaintiff could choose to file this action in Maryland, where Defendant has now conceded she lives.  *See* Memorandum in Support of Motion to Dismiss ("Memorandum") at 5, n.1.  In the interest of judicial economy and in furtherance of the goals of The Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980[1] (hereinafter the "Hague Convention") and its implementing legislation, the appropriate course of action is to deny the Motion to Dismiss and transfer this action to Maryland, where Defendant concedes jurisdiction and venue are appropriate.  Plaintiff does not concede that the minor child was located outside the District of Columbia at the time Plaintiff filed the Complaint.  Indeed, Defendant's Affidavit merely states that she and the minor child are "currently residing" in

---

[1]  T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10,493 (1986).

Maryland.  Affidavit of Defendant at ¶ 17.  For all Plaintiff knows, the minor child may have been enrolled in daycare at the World Bank in Washington, D.C., where Defendant is employed. However, in an abundance of caution, Plaintiff moved to transfer venue to the location where Defendant asserts that she and the minor child reside.  Therefore, in the alternative to the relief sought by Plaintiff herein and in the Motion to Transfer Venue, Plaintiff requests limited discovery on the issue of venue.

## II.    SUBJECT MATTER JURISDICTION.

This Court clearly has subject matter jurisdiction over this action.  The International Child Abduction Remedies Act ("ICARA") provides as follows: "Sec. 11603. Judicial remedies. (a) Jurisdiction of courts.  The courts of the States and the United States district courts shall have concurrent original jurisdiction of actions arising under the Convention."  42 U.S.C. 11603.

Defendant asserts that this matter should be dismissed because Plaintiff has not filed the instant action "in the place where the child is located at the time the petition was filed." Memorandum at 3.  As noted *supra*, Defendant's Affidavit does not establish where the child was located at the time the Complaint was filed.  Moreover, Defendant incorrectly identifies her issue as one of subject matter jurisdiction.  Instead, the issue raised by Defendant is one of venue.

As is set forth in Plaintiff's Motion to Transfer Venue and Memorandum in support thereof and Plaintiff's Motion for Alternative Service, which are incorporated herein by reference, Defendant concealed the minor child's whereabouts until she filed her Motion to Dismiss.  Based on the newly discovered residence of the minor child, Plaintiff moved for a transfer of venue. Dismissal of this action is not the appropriate remedy as it is contrary to the interest of judicial economy and the goals of the Hague Convention and its implementing legislation.

Within her argument regarding subject matter jurisdiction, Defendant makes assertions regarding the habitual residence of the minor child.  Habitual residence is a concept that is wholly

unrelated to subject matter jurisdiction. Simply put, habitual residence is an element of a Hague action that must be proved by the Plaintiff at trial. *Gitter v. Gitter*, 396 F.3d 124 (2d Cir. 2005).

Under Article III of the Hague Convention

> removal or the retention of a child is to be considered wrongful where (a) it is in breach of rights of custody attributed to a person ... under the law of the State in which the child was habitually resident immediately before the removal or retention; and (b) at the time of removal or retention those rights were actually exercised ... or would have been so exercised but for the removal or retention.

Hague Convention, ch. I, art. III.

It is also clear that Defendant misunderstands the definition of "habitually resident".[2]

Defendant asserts that the minor child's habitual place of residence is the United States, yet the

---

[2] Habitual residence has been explored by several Courts of Appeal. In *Feder v. Evans-Feder*, 63 F.3d 217 (3d Cir. 1995), the Third Circuit defined the concept of a child's habitual residence as "the place where he . . . has been physically present for an amount of time sufficient for acclimatization and which has a "degree of settled purpose" from the child's perspective. . . ." The court went on to say that "[A] determination of whether any particular place satisfies this standard must focus on the child and consists of an analysis of the child's circumstances in that place and the parents' present, shared intentions regarding their child's presence there." *Id.* at 222. The Fourth Circuit has determined that "[t]here is no real distinction between ordinary residence and habitual residence . . . A person can have only one habitual residence. On its face, habitual residence pertains to customary residence prior to the [retention]. The courts must look back in time, not forward." *Escaf v. Rodriquez*, 200 F.Supp. 2d 603 (E. D. VA 2002), quoting *Miller v. Miller*, 240 F.3d 392 (4th Cir. 2001). The habitual residence inquiry is therefore fact-specific and should be made on a case by case basis. *See Miller*, 240 F.3d at 400. Importantly, a parent cannot create a new habitual residence by wrongfully removing or retaining a child. *See Diorinou v. Mezitis*, 237 F.3d 133 (2d Cir. 2001)(finding that children were habitually resident in Greece where children were citizens of both the United States and Greece, the father was a U.S. citizen, and the mother was a Greek citizen); *March v. Levine*, 249 F.3d 462 (6th Cir. 2001)(finding that children were habitually resident in Mexico where the children, both United States citizens, had been living in Mexico with their American father for one year prior to being removed to the United States by their maternal grandparents). In *Friedrich v. Friedrich*, 983 F.2d 1396 (6th Cir. 1993) (hereinafter *Friedrich I*), the Sixth Circuit held that "[t]o determine the habitual residence, the court must focus on the child, not the parents, and examine past experience, not future intentions." *Friedrich I* at 1401; *see also Mozes v. Mozes*, 239 F.3d 1067, 1084 (9th Cir. 2001)('the appropriate inquiry under the Convention is whether the [abducted-to country] had supplanted the [left-behind country] as the locus of the children's family and social development"; *Rydder v. Rydder*, 49 F.3d 369, 373 (8th Cir. 1995)("[A] frequently cited British case, with which we agree, concluded that there is no real distinction between habitual residence and ordinary residence . . . *Re Bates*, No. CA 122.89, High Court of Justice, United Kingdom, 1989").

minor child has only been in this country for a short period of time following her abduction from Italy. Verified Complaint at ¶¶ 4, 8, 9. It is unclear how the habitual residence of the child ties into Defendant's subject matter jurisdiction argument. However, there is no basis to dismiss this action either due to a lack of subject matter jurisdiction or based upon Defendant's bald assertion regarding habitual residence which is neither factually nor legally correct.

## III.    **PERSONAL JURISDICTION.**

Defendant became subject to this Court's jurisdiction when Plaintiff served her with process within the District of Columbia. *Burnham v. Superior Court*, 495 U.S. 604 (1990); *see* Affidavit of Service filed with this Court on January 26, 2007 (document # 5). Defendant's argument that the matter should be dismissed due to a lack of personal jurisdiction over the minor child is also without merit. The minor child is neither a party nor represented by Defendant's counsel.

Moreover, Defendant waived her motion to dismiss for lack of personal jurisdiction when counsel entered her appearance on February 6, 2007, three days before filing Defendant's Motion to Dismiss. *Nestor v. Hershey*, 425 F.2d 504, 138 U.S.App.D.C. 73 (1969) ("Personal jurisdiction over the nonresident appellees from Missouri and Maryland was established when without objecting they entered a general appearance through the United States Attorney."); *see also Kapar v. Kuwait Airways Corp.*, 845 F.2d 1100, 1105, 269 U.S.App.D.C. 355; *Zelson v. Thomforde*, 412 F.2d 56, 59 (3d Cir.1969); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir.1986).

While the distinction between general and limited appearances has been eliminated, Counsel for the Defendant's appearance without raising any objections, which was not filed contemporaneously with a motion to dismiss, serves as a waiver of the personal jurisdiction defense:

> The elimination of the former distinction between special and general appearances does not mean that a litigant is protected against loss of his personal jurisdiction, venue, and service of process defenses under all circumstances. If the defendant appears in the action, he must interpose any of these objections he may have by motion or in the answer or they will be

deemed waived by virtue of Rule 12(h)(1).

Wright and Miller. 5B Fed. Prac. & Proc. Civ.3d § 1344 (citing *Coleman v. Kaye*, 87 F.3d 1491, 1498 (3d Cir. 1996), *certiorari denied* 117 S.Ct. 754, 519 U.S. 1084, 136 L.Ed.2d 691; *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 997 (1st Cir. 1983); *Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543 (3d Cir. 1967); and *Aluminal Indus., Inc. v. Newtown Commercial Associates*, 89 F.R.D. 326, 328 n. 2 (C.D..N.Y. 1980).

## IV.    TECHNICAL REQUIREMENTS FOR PLEADINGS.

Defendant's third and fourth arguments in her Memorandum are founded upon this Court's Local Rules regarding the technical requirements for pleadings.  Moreover, as Defendant admits in her Memorandum, an acceptable remedy is the redaction and/or sealing of pleadings.  Plaintiff's counsel is willing and able to make these minor adjustments to Plaintiff's pleadings and apologizes for committing these technical errors.

### A.    Residential Addresses of the Parties.

Defendant first cites a permissive rule, which states "the court may dismiss" for failure to provide the residential addresses of the parties.  As has been set forth *supra* and in Plaintiff's Motion for Alternative Service and Motion to Transfer Venue, Plaintiff was unaware of Defendant's home address when he filed his Complaint.  With respect to Plaintiff's address, Counsel for the Plaintiff inadvertently used Plaintiff's business address in the caption of the Verified Complaint. Plaintiff has not, as suggested by Defendant, sought to conceal his home address, which is as follows: via Thailandia 24, apartment D2, Rome, Italy 00144.  This address, while not included in the caption of the Complaint, was set forth in Paragraph 18 of the Verified Complaint.

As Plaintiff has provided his residential address in both Paragraph 18 of the Verified Complaint and this Opposition, and Defendant provided her residential address in her Motion to Dismiss, the record before the Court has been clarified and dismissal would be inappropriate.

Defendant's argument on this issue is now moot and the Motion to Dismiss should be denied.

      **B.**      **Privacy Concerns.**

      Counsel for the Plaintiff apologizes for failing to comply with the technical requirements regarding the privacy of the minor child. As suggested by Defendant, redaction or sealing of the pleadings is appropriate. Counsel for the Plaintiff will assist the Court as needed to address this issue. Defendant does not seek dismissal of the Complaint on this ground.

**V.**      **CONCLUSION.**

      WHEREFORE, for the foregoing reasons, Plaintiff, Khalid El Harizi requests that this Court enter an Order:

      A.      Denying Defendant's Motion to Dismiss;

      B.      Granting Plaintiff's Motion to Transfer Venue;

            or, in the alternative,

      C.      Permitting limited discovery on the issue of venue; and

      D.      Granting such other and further relief that the Court may deem necessary and just.

      Respectfully Submitted,


                /s/
      Stephen J. Cullen, Esquire
      Bar No: 439872
      Miles & Stockbridge P.C.
      One West Pennsylvania Avenue
      Suite 900
      Towson, Maryland  21204
      (410) 821-6565
      (410) 385-3709 (fax)
      scullen@milesstockbridge.com

      *Attorneys for Plaintiff*

_____ /s/ _____
Rachel T. McGuckian, Esquire
Bar No.: 475548
Miles & Stockbridge P.C.
11 North Washington Street, Suite 700
Rockville, Maryland 20850
(301) 762-1600
(301) 762-0363 (fax)
rmcguckian@milesstockbridge.com

*Attorneys for Plaintiff*