UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALID EL-HARIZI : | **DEFENDANT'S OPPOSITION TO EMERGENCY MOTION FOR** |
| Residence Address Unknown : | **LEAVE TO AMEND COMPLAINT AND** |
| : | **MOTION TO TRANSFER VENUE** |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.:   06cv2204 (RJL) |
| : | |
| CLAUDIA PARDINAS-OCANA : | |
| 5480 Wisconsin Avenue, Apartment 704 : | |
| Chevy Chase, MD   20815 : | |
| : | |
| Defendant. : | |

**DEFENDANT'S OPPOSITION TO EMERGENCY MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO TRANSFER VENUE**

Without attaching (as the rules require) a proposed new amended pleading, without curing his failure to notify this Court of his actual current residence address, and without complying with LCvR 7(m), Mr. El Harizi seeks relief this Court cannot grant. No amendment to Mr El Harizi's original Complaint could give this Court, or any United States Court where this case might be transferred, subject matter jurisdiction, because neither Ms. Pardinas-Ocana nor the parties' child were physically present in this country, or living in this country, when suit was filed.  For that reason, this case should be dismissed by this Court and the motion to transfer should be denied.

I. **The undisputed facts in the record establish that Ms. Pardinas and V were not in the United States at the time this lawsuit was filed, and therefore neither this Court nor any other American court has subject matter jurisdiction**

Plaintiff has the burden of establishing subject matter jurisdiction. *Pitney Bowes, Inc. v. United States Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C.1998). Under the statute implementing the Convention of the Civil Aspects of International Child Abduction ("the Hague Convention"), a person who seeks to invoke the Hague Convention by filing a civil suit in a United States District Court, or in a state court, must file in a court "which has jurisdiction of such action and which is authorized to exercise its jurisdiction <u>in the place where the child is located at the time the petition was filed</u>." 42 U.S.C. §11603(b)(emphasis added).

Thus, Mr. El Harizi must allege that the child was in a state in the United States or the District of Columbia when the case was filed. Here Plaintiff has not, and cannot, allege that at the time this case was filed (December 26, 2006) the child was in the District of Columbia, Maryland, <u>or anywhere in the United States</u>. Indeed, Defendant previously submitted an affidavit that when suit was filed, neither she nor the parties' daughter was in the United States. See Affidavit of Defendant, ¶16, (hereinafter "Defendant's Original Affidavit"), submitted with Defendant's Motion to Dismiss and to Redact, or Place Under Seal, Filed Pleadings (February 12, 2007), and incorporated herein by reference. Moreover, at the time this case was filed, neither she nor V was yet living in the United States.[1] Thus, neither this Court nor any other court in the United States had subject matter jurisdiction when the case was filed.

---

[1] Defendant does not have the burden in this issue and she need set forth no more than she has set forth in the uncontested Paragraph 16 of her original affidavit. However, she has filed with the instant pleading a Second Affidavit, specifying that she and V were unexpectedly in Argentina when this case was filed, as she suffered a severe depression after being abandoned by the Plaintiff, and had to take disability leave from her employment. Second Affidavit of Claudia Pardinas-Ocana, ¶¶ 1 – 4. (hereafter "Defendant's Second Aff. ¶"). She returned to the United States on or about January 9, 2007, and thereafter rented an apartment in Maryland, where she now lives with V. *Id*. at ¶¶ 5 - 6.

2

## II. This case cannot be transferred to Maryland.

28 U.S.C. §1404 (a) provides that one district court may transfer a case "to any other district or division <u>where it might have been brought</u>."(emphasis added). A party seeking to transfer a case must establish that plaintiff originally could have brought the action in the proposed transferee district. *Hoffman v. Blaski,* 363 U.S. 335 (1960). That has not been alleged and cannot be established in this case.

The record establishes that Defendant and V were not in the country when this case was filed and Plaintiff makes no allegations to the contrary. Plaintiff seeks to transfer this case to Maryland, but this Court has the authority to transfer a case only to a jurisdiction "where it might have been brought." The Supreme Court has made clear that this test must be applied on the basis of the facts that existed <u>when the suit was originally filed</u> and cannot be applied on the basis of what happened after suit is filed. *Hoffman v. Blaski*, 363 U.S. 335, 342-43 (1960). In *Hoffman* the Supreme Court expressly rejected the argument that a transfer would be permissible under 28 U.S.C. §1404 (a) if, in the interim between the filing of the lawsuit and the filing of a motion to transfer, the defendant moved its residence to the transferee district. *Id.* at 342. *See also Pruess v. Udall,* 359 F.2d 615, 618 (D.C. Cir. 1965)("The holding of [*Hoffman v. Blaski*] is that the conduct of the defendant after suit is brought cannot add to the forums into which a suit can be transferred.").

Under *Hoffman v. Blaski* this case cannot be transferred to Maryland because at the time the suit was filed it could not have been brought in Maryland. 42 U.S.C. §11603(b) requires that suits under the Hague Convention be filed only "in the place where the child is located at the time the petition was filed." At the time this suit was filed, the Defendant was not subject to

jurisdiction in Maryland <u>and</u> V was not located in Maryland. Thus, there is no basis under 28 U.S.C. §1404 (a) to transfer this matter to Maryland.

### III.     **Plaintiff again fails to comply with rules of this Court in submitting his "Emergency Motion for Leave to Amend Complaint and Motion to Transfer Venue."**

Plaintiff is the parent who has hidden, and continues to hide, his actual residence address.  Although Ms. Pardinas-Ocana specifically briefed this in her Motion to Dismiss and to Redact, or Place Under Seal Filed Pleadings (February 12, 2007), Mr. El Harizi arrogantly filed his next pleading, his "Emergency Motion for Leave to Amend Complaint and Motion to Transfer Venue (February 20, 2007), without curing his failure to reveal his actual current residence address, as required by LCvR 5.1(e) and 11.1.  The failure to state Plaintiff's actual residence address, particularly if not cured within 30 days of when the case was originally filed, justifies dismissal of this case.  *Id.*[2]  Nor does Plaintiff submit a proposed Amended Complaint with his Emergency Motion for Leave to Amend Complaint, as is required by LCvR  7(i).  Finally, Plaintiff does not certify, pursuant to LCvR 7(m), that he discussed his nondispositive Motion with Defendant's counsel before filing; nor did he do so.  Indeed, after receipt of the Motion, undersigned counsel has notified Plaintiff's counsel that Defendant will consent to a voluntarily dismissal of the case and that undersigned counsel will accept service of the pleadings and summons on behalf of the Defendant of a new suit filed by Plaintiff in Maryland, where Defendant and the parties' child live and are now present.

---

[2] In an unverified pleading filed in February 27, 2007, two months after the original Complaint was filed, Mr. El Harizi asserts his failure to reveal his actual address was "inadvertent."  Mr. El Harizi then states (not under oath) that his residence address is the marital apartment on via Thailandia 24, Apartment D2, Rome, Italy.  This is the apartment he abandoned in September 4, 2006, and to which he never returned! See Defendant's Original Affidavit, Paragraphs ¶¶ 9 - 11, Defendant's Second Affidavit ¶¶ 7 – 9.

**Conclusion**

This case should be dismissed for lack of subject matter jurisdiction and for Plaintiff's multiple failures to comply with the rules of this Court. Mr. El Harizi has a ready forum in Maryland. He can easily avail himself of that forum by voluntarily dismissing this matter and then re-filing in Maryland.

Respectfully submitted,

PASTERNAK & FIDIS, P.C.

By: /s/
_____
Faith D. Dornbrand (D.C. Bar #321851)
7735 Old Georgetown Road
Suite 1100
Bethesda, Maryland   20814
301-656-8850
301-656-3053 (fax)
Counsel for Defendant

and

Randell C. Ogg (D.C. Bar #324772)
1150 Connecticut Avenue, N.W.
Washington, D.C.   20036
202-828-4100
202-828-4130 (fax)
Counsel for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KHALID EL-HARIZI | : | **ORDER** |
| | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.:   06cv2204 (RJL) |
| CLAUDIA PARDINAS-OCANA | : | |
| Defendant. | : | |

**ORDER**

Having considered the Plaintiff's Emergency Motion for Leave to Amend Complaint and Motion to Transfer Venue, Defendant's Opposition thereto, and the record herein, it is the _____ day of _____ 2007, hereby

ORDERED that Plaintiff's Emergency Motion for Leave to Amend Complaint and Motion to Transfer Venue shall be and hereby are denied and it is further

ORDERED that this lawsuit shall be dismissed for lack of subject matter jurisdiction.

_____
Judge, United States District Court for the District of Columbia

Copies to:

Faith D. Dornbrand
Pasternak & Fidis, P.C.
7735 Old Georgetown Road
Suite 1100
Bethesda, MD  20814


Randell Ogg
1150 Connecticut Avenue, N.W.
Washington, D.C.   20036


Stephen J. Cullen
Rachel T. McGuckian
Miles & Stockbridge, P.C.
One West Pennsylvania Avenue
Suite 900
Towson, MD   21204

K:\CLIENT\P340 - 0.dom\Pleadings\Order for Def's Opp to Emergency Mtn for Leave to Amend final.doc

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KHALID EL-HARIZI | : | **SECOND AFFIDAVIT OF DEFENDANT** |
| Plaintiff, | : | |
| v. | : | CASE NO.:   06cv2204 (RJL) |
| CLAUDIA PARDINAS-OCANA | : | |
| Defendant. | : | |

### SECOND AFFIDAVIT OF DEFENDANT

1.  I, Claudia Pardinas-Ocana, an adult of sound mind and body, I am competent to make this Affidavit to supplement my prior affidavit.

2.  When I left Italy, I traveled with V and my mother to Argentina where my siblings and mother live to have a short rest before reporting back at my employer's Headquarters as I was ordered by my employer, the World Bank. My employer had terminated the telecommute arrangement light of the changed circumstances and had requested that I report back to work here at the Bank's headquarters in Washington, D.C., effective immediately.

3.  In Argentina I was diagnosed with severe reactive depression stemming from my husband's decision to leave me and V and the collapse of our family. Unexpectedly I was unable to return to the United States as originally intended and ordered by my employer.

4.  I was put on disability leave from my employment with a reduced salary, and was treated twice a week by a mental health professional in Argentina until I could return to my job in the U.S.

1

5. V and I returned to the U.S. on or about January 9, 2007, after I was cleared by my doctor and employer to return to work. We were not in the United States and I had not even started looking for a place to live here by December 26, 2006 when this case was filed.

6. After arriving here on January 9, 2007, I found and entered into a lease for my apartment in Maryland.

7. My husband has for six months concealed his residence address from me. He has refused to disclose where he has been living since he moved out from our old address at via Thailandia 24, apartment D2, Rome, Italy and terminated the lease on that apartment.

8. My husband has not been living at our old apartment at via Thailandia 24, apartment D2, Rome, Italy as I have had people checking the apartment. On March 1, 2007, the concierge of the building corroborated that my husband is not living there.

9. My husband has yet to state in a verified pleading or sworn affidavit in this case, his actual, current, residential address, or to provide that information to me.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 5, 2007.

_____
Claudia Pardinas-Ocana